**PAUL W. PATTEN**
*Attorney-at-Law*
**Suite 221**
**56 North Main Street**
**Fall River, Massachusetts 02720**
**Telephone (508)672-3559**
**Fax (508)672-2401**
**Email: paulpatten@comcast.net**

February 8, 2007

Jonathan F. Mitchell, Esq.
Assistant United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02110

Re: United States vs. Grace Oliver
    Case No. 07-CR-10016-MLW
    Discovery Request Letter

Dear Attorney Mitchell:

Today, I received the government's automatic discovery response, which you sent to me in the above matter. Paragraph #3 of that automatic discovery response offers to allow inspection of the general categories of items described in F.R.Crim.P. Rule 16(a)(1)(E)(i, ii & iii), at the Secret Service's Providence field office, upon me contacting you to make arrangements to do so. However, in regard to the generic category of items which are "material to preparing the defense" [cf. subsection (E)(i)], and without limitation as to any item which might be included in that category, I specifically am requesting, pursuant to Local Rule 116.3, that I be allowed to inspect and copy any of the following items which are in the possession, custody or control of the government, as being included within that description of items which are "material to preparing the defense":

1. Any checks which purport to have been drawn on any account of the alleged victim in this action, Superior Drywall, Inc., which the government contends were made, forged, possessed, cashed, deposited, uttered and/or used in any way by the Defendant, Grace Oliver, including but not limited to any such checks as are referred to in paragraphs 4, 5 and 6 and/or Counts 1, 2, 3, 4 and 5 of the indictment in this action;

2. Any written, computerized or otherwise electronically recorded records of any bank or other financial institution of any type regarding any account of the alleged victim in this action, Superior Drywall, Inc., from which any payments were made as a result of any actions on the part of the Defendant, Grace Oliver, as alleged in the indictment in this action;

3. Any written, computerized or otherwise electronically recorded records of the alleged victim in this action, Superior Drywall, Inc., which the government contends were fraudulently created by the Defendant, Grace Oliver, including but not limited to any entries into Superior Drywall's Quickbook accounting database, as alleged in paragraph 5 of the indictment in this action;

4. Any written, computerized or otherwise electronically recorded records of any bank or other financial institution of any type which purport to show the past or present existence of any account of the Defendant, Grace Oliver, with such bank or other financial institution, whether standing in her name individually or jointly with any other person or otherwise controlled by her, including but not limited to any such records which purport to show any deposits or withdrawals which the government contends represents the use of funds derived from any of the actions of the Defendant, Grace Oliver, as alleged in the indictment in this action;

5. Any written, computerized or otherwise electronically recorded records of any person, business corporation, bank, financial institution or other entity of any type, including but not limited to any credit card company, mortgage lender or retailer, which purport to show any payment to such person, business corporation, bank, financial institution or other entity, which the government contends represents the use of funds derived from any of the actions of the Defendant, Grace Oliver, as alleged in the indictment in this action;

6. Any written, computerized or otherwise electronically recorded records of any person or entity which evidence the receipt and/or use of funds of the alleged victim in this action, Superior Drywall, Inc., by the Defendant, Grace Oliver, or any other person or entity, as a result of the actions of the Defendant, Grace Oliver, as alleged in the indictment in this action;

7. Any other written, computerized or otherwise electronically recorded records of any person or entity which evidence the nature of and/or present location of any personal or real property which the government contends to have been obtained by the Defendant, Grace Oliver, and/or any other person, as a result of the use of proceeds traceable to the actions of the Defendant, Grace Oliver, as alleged in the indictment in this action; and,

8. Any other written, computerized or otherwise electronically recorded records of any person or entity which evidence the nature of and/or present location of any personal or real property which the government contends constitutes property taken from the alleged victim in this action, Superior Drywall, Inc., by the actions of the Defendant, Grace Oliver, as alleged in the indictment in this action.

Although it may be that any of the above-described items which are in the possession, custody or control of the government are, in any event, intended by the government to be included under paragraph #3 of its automatic discovery response, I believe that I am obligated to place such specific requests clearly on the record and ask that you respond to them in accordance with Local Rule 116.3. I am, of course, always willing to confer with you in regard to any questions or concerns which you may have regarding this request and, in any event, I will call you to make arrangements to inspect the items which are being stored at the Secret Service's Providence field office, to which reference in made in paragraph #3 of the government's automatic discovery response.

For purposes of compliance with Local Rule 116.3, I have electronically filed an electronically signed copy of this discovery request letter with the Court.

Thank you very much.

Very Truly Yours,

/s/ Paul W. Patten
Suite 221
56 North Main Street
Fall River, MA 02720
(508)672-3559
BBO3391400
paulpatten@comcast.net

Certificate of Service

I certify that, on 2/8/07, in accordance with Local Rule 116.3, I electronically filed this copy of this Discovery Request Letter through the EFC system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that I also mailed the manually signed original of said letter to the counsel of record for the government by first class mail, postage prepaid.

/s/ Paul W. Patten
Paul W. Patten