*CR 2007-10016-MLW*

## AFFIDAVIT OF SPECIAL AGENT JOHN E. PETRICIG

I, John E. Petricig, being duly sworn do hereby depose:

1. I am a Special Agent with the United States Secret Service and have been so employed since August 26, 2002. As an agent with the U.S. Secret Service I have received training in the investigation of financial crimes, including the altering and forgery of Securities of the States and private entities.

2. This affidavit is submitted in support of applications for seizure warrants for the following assets:

   a. all funds on deposit in Sovereign Bank Passbook Savings account number 13500001089, held in the name of Grace Oliver;

   b. one white 2006 Toyota Tacoma, bearing Massachusetts registration number 526TLP and Vehicle Identification Number 5TEUU42N76Z280191;

   c. one silver 2005 BMW X3, bearing Massachusetts registration number 88VD31 and Vehicle Identification Number WBXPA73455WC48175;

   d. one blue 2004 Nissan Pathfinder, bearing Massachusetts registration number 5192PV and Vehicle Identification Number 5N1AA08BX4N704072;

   e. one black 2006 Nissan Maxima, bearing Massachusetts registration number 81FZ14 and Vehicle Identification Number 1N4BA41E46C833613;

   f. one 2003 Kawasaki KX250 Off-Road Motorcycle, bearing Vehicle Identification Number JKAKXMMCX3A000788; and

   g. one maroon 2004 Exotix Monster 250 Chopper, bearing Massachusetts registration number JZ9655 and Vehicle Identification Number 1E9HM79934D279573,

(collectively, the "Assets"). As set forth below, I have probable cause to believe that the Assets constitute or are derived from proceeds traceable to Possessing Forged Securities, in violation of 18 U.S.C. § 513(a), and therefore are subject to seizure and forfeiture

pursuant to 18 U.S.C. § 981(a)(1)(C), incorporating by reference 18 U.S.C. § 1956(c)(7)(A), incorporating by reference 18 U.S.C. § 1961(1); and 28 U.S.C. § 2461(c).

3. The information contained in this affidavit is the result of my own investigation, as well as interviews and information provided to me by detectives of the Westport, Massachusetts Police Department. The information contained in this affidavit is not all of the information known to the U.S. Secret Service but only enough to establish probable cause for the requested seizure warrants.

4. On December 5, 2006, Grace M. Oliver was interviewed by Detective Christopher Dunn of the Westport, Massachusetts Police Department. After being advised of her rights, Oliver confessed to embezzling funds from Superior Drywall, Inc. During the interview, Oliver explained to Detective Dunn that she printed approximately eight Superior Drywall, Inc. checks made payable to herself and others, and deposited the checks into her bank accounts or applied the checks to outstanding loans. Oliver stated that she would enter the checks into Superior Drywall, Inc.'s QuickBooks accounting software program as a legitimate business expense. Oliver admitted to depositing two of the embezzled checks from Superior Drywall, Inc. into her Sovereign Bank Passbook Savings account number 13500001089.

5. Since December 2006, I have been investigating the embezzled checks from Superior Drywall, Inc. that were made payable to Oliver as well as other individuals and financial institutions. Based on the investigation, a federal grand jury sitting in the District of Massachusetts returned a five-count Indictment charging Oliver with Possessing Forged Securities, in violation of 18 U.S.C. § 513(a), on January 17, 2007. See United States v. Grace Oliver, 07-10016-MLW, Docket No. 2.

6. As alleged in the Indictment, Oliver worked for Superior Drywall, Inc. as the bookkeeper. From October 2003 to December 2006, Superior Drywall, Inc. employed Oliver as an office manager. Her responsibilities included issuing invoices, collecting payments, paying vendor bills, lodging receipts and invoices into the company's accounting system, and answering phones.

7. Beginning at least as early as January 4, 2004 and continuing until December 2006, Oliver embezzled more than $1.1 million from Superior Drywall, Inc. Without the company's authorization, Oliver would enter her name and a dollar amount onto an electronic copy of a company check, print the check and forge the signature of the company's principle owner. To conceal her scheme, for each forged check, Oliver entered the name of a legitimate payee in the company's accounting software so that it would appear to the company's owner that the check was cut for a legitimate business purpose.

## FORFEITABILITY OF THE ASSETS

### Sovereign Bank Passbook Savings account number 13500001089

8. Bank records subpoenaed from Sovereign Bank revealed that Passport Savings account number 13500001089 (the "Account") is held by Grace M. Oliver. The Account was previously held by Compass Bank under account number 00550001432 also in the name of Grace Oliver. A review of documents received from Superior Drywall, Inc. and Sovereign Bank revealed that from on or about January 14, 2006 to on or about December 4, 2006, Grace Oliver deposited forty-one (41) forged Superior Drywall, Inc. checks directly into the Account. Based on the foregoing, I have probable cause to

believe that the following deposits into the Account constituted or were derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a):

| Check # | Check Date | Made Payable To: | Check Amount: |
|---|---|---|---|
| 5735 | 1/10/06 | Grace Oliver | $6,424.00 |
| 5825 | 2/7/06 | Grace Oliver | $7,235.00 |
| 5922 | 3/20/06 | Grace Oliver | $7,584.97 |
| 5943 | 3/31/06 | Grace Oliver | $8,494.98 |
| 5989 | 4/12/06 | Grace Oliver | $4,786.00 |
| 5999 | 4/19/06 | Grace Oliver | $3,648.00 |
| 6020 | 4/28/06 | Grace Oliver | $8,022.00 |
| 6043 | 5/11/06 | Grace Oliver | $7,783.00 |
| 6086 | 5/16/06 | Grace Oliver | $8,651.00 |
| 6117 | 5/26/06 | Grace Oliver | $8,788.98 |
| 6118 | 5/26/06 | Grace Oliver | $7,423.42 |
| 6198 | 6/21/06 | Grace Oliver | $9,598.05 |
| 6205 | 6/27/06 | Grace Oliver | $7,520.00 |
| 6225 | 7/7/06 | Grace Oliver | $7,905.00 |
| 6230 | 7/11/06 | Grace Oliver | $9,649.00 |
| 6237 | 7/13/06 | Grace Oliver | $10,460.12 |
| 6264 | 7/18/06 | Grace Oliver | $12,989.00 |
| 6275 | 7/25/06 | Grace Oliver | $11,232.00 |
| 6289 | 8/1/06 | Grace Oliver | $14,396.00 |
| 6324 | 8/10/06 | Grace Oliver | $18,432.00 |
| 6326 | 8/15/06 | Grace Oliver | $12,617.00 |
| 6374 | 8/22/06 | Grace Oliver | $15,072.00 |
| 6412 | 8/29/06 | Grace Oliver | $15,360.00 |
| 6417 | 9/6/06 | Grace Oliver | $11,200.00 |
| 6435 | 9/7/06 | Grace Oliver | $5,600.00 |
| 6448 | 9/12/06 | Grace Oliver | $10,128.00 |
| 6479 | 9/19/06 | Grace Oliver | $12,000.00 |
| 6532 | 9/22/06 | Grace Oliver | $14,999.27 |
| 6563 | 10/3/06 | Grace Oliver | $13,818.65 |
| 6564 | 10/3/06 | Grace Oliver | $5,849.22 |
| 6591 | 10/12/06 | Grace Oliver | $8,695.78 |
| 6640 | 10/19/06 | Grace Oliver | $4,595.89 |
| 6634 | 10/19/06 | Grace Oliver | $11,160.05 |
| 6650 | 10/24/06 | Grace Oliver | $13,468.26 |
| 6668 | 10/25/06 | Grace Oliver | $8,989.98 |
| 6674 | 10/31/06 | Grace Oliver | $10,150.00 |
| 6684 | 11/7/06 | Grace Oliver | $4,800.00 |
| 6693 | 11/9/06 | Grace Oliver | $12,029.18 |
| 6737 | 11/14/06 | Grace Oliver | $11,019.97 |
| 6776 | 12/1/06 | Grace Oliver | $14,132.26 |
| 6777 | 12/1/06 | Grace Oliver | $15,215.81 |
| **TOTAL** | | | **$411,923.84** |

9. Pursuant to 18 U.S.C. § 984(a), the "fungible property" statute, any funds in the Account, up to the amount of proceeds deposited in the Account within the last year, are subject to seizure and forfeiture to the United States. Accordingly, I have probable cause to believe that $398,264.84 on deposit in the Account (equal to the amount of proceeds deposited within one year of the date of this affidavit) is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**2006 Toyota Tacoma**

10. On January 22, 2007, Special Agent Maurice Cote and I interviewed Norman McCorkill, Sales Consultant at Toyota of Dartmouth, regarding two Cashier's checks in the amounts of $20,000.00 and $8,584.00, drawn on the Account on August 11, 2006 and August 17, 2006, respectively, and made payable to Toyota of Dartmouth. McCorkill stated that Grace M. Oliver provided the check in the amount of $20,000.00 to purchase a 2006 2WD Toyota Tacoma, bearing Vehicle Identification Number 5TETX22NX6Z275980 for Matthew Michaud, who later told investigators that he had been Oliver's boyfriend, on or about August 11, 2006. McCorkill then stated that on or about August 19, 2006, Matthew Michaud traded-in the 2WD Toyota Tacoma purchased by Grace Oliver for a white 2006 4WD Toyota Tacoma, bearing Vehicle Identification Number 5TEUU42N76Z280191 (the "Tacoma"). McCorkill stated that Matthew Michaud provided the Sovereign Bank Cashier's check in the amount of $8,584.00 to pay the difference in price between the two vehicles.

11. Oliver deposited approximately $451,923.84 in the Account between January 10, 2006 and December 1, 2006. As set forth in Paragraph 8, at least $411,923.84 of those funds constituted or were derived from the proceeds of her embezzlement. In particular,

on August 10, 2006, the day before the $20,000.00 Cashier's check in paragraph 10 was purchased, Oliver deposited Superior Drywall, Inc. check number 6324, in the amount of $18,432.00, into the Account. In addition, on August 15, 2006, two days before the $8,584.00 Cashier's check described in Paragraph 10 was purchased, Oliver deposited Superior Drywall, Inc. check number 6326, in the amount of $12,617.00, into the Account.

12. Based on the foregoing, I have probable cause to believe that the Tacoma constitutes or is derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a), and is therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**2005 BMW X3**

13. On February 7, 2005, a silver 2005 BMW X3, bearing Massachusetts registration number 88VD31 and Vehicle Identification Number WBXPA73455WC48175 (the "BMW"), was purchased in the names of Manuel Almeida and Landscaping & Design, both located at 8 Wild Rose Lane in Acushnet, Massachusetts. Oliver was arrested at 8 Wild Rose Lane on January 18, 2007, and upon information and belief, Almeida was at one point Oliver's boyfriend.

14. BMW Bank of North America records revealed that the BMW was purchased by Manuel Almeida for $36,490.00. At the time of purchase, Almeida presented a $5,000.00 cash down payment and was given a $1,000.00 credit for a trade-in vehicle. Almeida financed the balance of the BMW and associated fees – totaling $35,699.50 – through BMW Bank of North America. The BMW Bank of North America records

revealed that $36,981.06 in payments have been made towards Almeida's BMW Bank of North America loan, including the following embezzled Superior Drywall, Inc. checks:

| Check # | Date | Amount | Date Applied to Account: |
|---------|------|--------|--------------------------|
| 5132 | 4/4/05 | $7,390.27 | 4/18/05 |
| 5221 | 5/13/05 | $1,374.45 | 5/17/05 |
| 5281 | 6/14/05 | $1,574.45 | 6/18/05 |
| 5350 | 7/15/05 | $1,510.42 | 7/21/05 |
| 5416 | 8/16/05 | $4,567.00 | 8/21/05 |
| 5476 | 9/8/05 | $4,863.02 | 9/15/05 |
| 5547 | 10/17/05 | $14,250.21 | 10/27/05 |
|  | Total: | $35,529.82 |  |

15.    Based on the foregoing, I have probable cause to believe that the BMW constitutes or is derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a), and is therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**2004 Nissan Pathfinder**

16.    On September 6, 2004, Shawn and Leslie Pereira of 11 Vernon Street, Taunton, Massachusetts purchased a blue 2004 Nissan Pathfinder, bearing Massachusetts registration number 5192PV and Vehicle Identification Number 5N1AA08BX4N704072 (the "Pathfinder"), from Clay Nissan in Dedham, Massachusetts for $36,698.00.

17.    The Pereiras paid $11,500.00 in cash towards the purchase price of the Pathfinder, and financed the balance and associated fees – totaling $29,550.06 through Rockland Federal Credit Union ("FCU"). Rockland FCU records revealed that $19,422.36 in payments had been made towards the Pereiras' Rockland FCU loan, including the following embezzled Superior Drywall, Inc. checks:

| Check # | Date | Amount | Date Applied to Account: |
|---|---|---|---|
| 5242 | 5/20/05 | $3,798.14 | 6/3/05 |
| 5354 | 7/15/05 | $1,109.03 | 7/22/05 |
| 5570 | 10/17/05 | $1,289.21 | 10/25/05 |
| 5669 | 12/7/06 | $1,004.18 | 12/8/05 |
| 5798 | 1/31/06 | $2,450.00 | 2/8/06 |
| 6074 | 5/18/06 | $2,447.95 | 5/22/06 |
| | Total: | $12,098.51 | |

18. The Pereiras were interviewed in January 2007 and described themselves as friends of Oliver's. Oliver is the Pereiras' son's godmother.

19. Based on the foregoing, I have probable cause to believe that the Pathfinder constitutes or is derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a), and is therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**2006 Nissan Maxima**

20. On June 23, 2003, Leslie Pereira purchased a silver 2004 Nissan Maxima, bearing Vehicle Identification Number 1N4BA41E44C827677, from Clay Nissan in Dedham, Massachusetts for $31,008.75. Leslie Pereira paid $1,632.00 in cash towards the purchase price, and financed the balance of the purchase price and associated fees – totaling $29,376.75 – through Direct FCU. Direct FCU records revealed that $30,891.31 in payments have been made on Leslie Periera's Direct FCU loan, including the following embezzled Superior Drywall, Inc.:

| Check # | Date | Amount | Date Applied to Account: |
|---|---|---|---|
| 4570 | 8/19/04 | $4,114.94 | 8/23/04 |
| 4733 | 10/22/04 | $5,039.71 | 10/25/04 |
| 4395 | 6/10/04 | $6,777.10 | 6/21/04 |
| 4501 | 7/23/04 | $9,731.63 | 7/26/04 |
| | Total: | $25,663.38 | |

21.     On January 25, 2007, SA Maurice Cote and I interviewed Leslie Pereira at 2206 Williams St. Dighton, MA 02715 regarding the 2004 Nissan Maxima bearing Vehicle Identification Number 1N4BA41E44C827677 purchased in her name at Clay Nissan in Dedham, MA. After being advised of her rights, Leslie Pereira stated that Oliver paid for a majority of the 2004 Nissan Maxima that she purchased from Clay Nissan. Leslie Pereira also stated that she traded-in the 2004 Nissan Maxima bearing Vehicle Identification Number 1N4BA41E44C827677 for 2006 Nissan Maxima that she currently owns and is registered in her name. A query with the Massachusetts Registry of Motor Vehicles revealed that Leslie Pereira currently has a black 2006 Nissan Maxima, bearing Massachusetts registration number 81FZ14 and Vehicle Identification Number 1N4BA41E46C833613 (the "2006 Maxima") registered in her name.

22.     Based on the foregoing, I have probable cause to believe that the 2006 Maxima constitutes or is derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a), and is therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

### 2003 Kawasaki KX250 Off-Road Motorcycle & 2004 Exotix Monster 250 Chopper

23.     On December 9, 2003, a 2003 Kawasaki KX250 Off-Road Motorcycle, bearing Vehicle Identification Number JKAKXMMCX3A000788 (the "Kawasaki") was purchased in the name of Shawn Pereira of 11 Vernon St. Taunton, Massachusetts, for $5,000.00. Chartway FCU records revealed that Shawn Pereira financed $4,921.00 of the purchase price of the Kawasaki through Chartway FCU.

24.     On April 29, 2004, Shawn Pereira purchased a maroon 2004 Exotix Monster 250 Chopper, bearing Massachusetts registration number JZ9655 and Vehicle Identification

Number 1E9HM79934D279573 (the "Monster") from Pleasant Motors in New Bedford, MA for $28,500.00. Shawn Pereira paid $2,200.00 in cash towards the purchase price of the Monster, and financed the balance of the Monster and associated fees – totaling $26,300.00 – through Chartway FCU.

25. Chartway FCU reflect that the Kawasaki and the Monster liens were treated as one loan, and that $31,982.65 in payments were made on the loan, including the following embezzled Superior Drywall, Inc. checks:

| Check # | Check Date | Amount | Date Applied to Account: |
|---|---|---|---|
| 4502 | 7/23/04 | $11,370.85 | 7/27/04 |
| 4569 | 8/19/04 | $4,567.92 | 8/23/04 |
| 4640 | 9/16/04 | $14,089.88 | 9/21/04 |
|  | Total: | $30,028.65 |  |

26. Based on the foregoing, I have probable cause to believe that the Kawasaki and the Monster constitute or are derived from proceeds traceable to Oliver's embezzlement in violation of 18 U.S.C. § 513(a), and are therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## CONCLUSION

27. As set forth above, I have probable cause to believe that the Assets constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 513(a), and therefore the Assets are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981 (a)(1)(c) and 28 U.S.C. § 2461(c).

*[signature]*

John E. Petricig
Special Agent
United States Secret Service

Subscribed and sworn before me this
26 day of March, 2007.

*[signature]*

Robert B. Collings
United States Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210