```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
          v.                 ) Criminal No. 07-10016-MLW
                             )
GRACE M. OLIVER,             )
          Defendant.         )
```

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on January 17, 2007, a federal grand jury of this district returned a five-count Indictment charging Grace Oliver (the "Defendant") with Possessing Forged Securities, in violation of 18 U.S.C. § 513(a) (Counts One through Five);

WHEREAS, the Indictment sought the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to such violation;

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the

1

Defendant up to the value of the property described in subparagraphs (a) through (e) above;

WHEREAS, on August 6, 2007, the Defendant pled guilty to Counts One through Five of the Indictment pursuant to a written plea agreement;

WHEREAS, in paragraph 9 of the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) as a result of her guilty plea, including without limitation the following:

- a. $103,207.93 seized from Sovereign Bank Passbook Savings account number 13500001089, seized on April 4, 2007;

- b. one white 2006 Toyota Tacoma, bearing Vehicle Identification Number 5TEUU42N76Z280191, seized on March 27, 2007;

- c. one silver 2005 BMW X3, bearing Vehicle Identification Number WBXPA73455WC48175, seized on March 27, 2007;

- d. one blue 2004 Nissan Pathfinder, bearing Vehicle Identification Number 5N1AA08BX4N704072, seized on March 27, 2007;

- e. one black 2006 Nissan Maxima, bearing Vehicle Identification Number 1N4BA41E46C833613, seized on March 27, 2007;

- f. one 2003 Kawasaki KX250, bearing Vehicle Identification Number JKAKXMMCX3A000788, seized on March 27, 2007;

- g. one maroon 2004 Exotix Monster 250 Chopper, bearing Vehicle Identification Number 1E9HM79934D279573, seized on March 27, 2007;

2

      h.    the real property located 35 Sable Avenue, North Dartmouth, Massachusetts, having a deed recorded at the Bristol Registry of Deeds, <u>Book</u> 3383, <u>Page</u> 215;

      i.    the real property located 8 Wildrose Lane, Acushnet, Massachusetts having a deed recorded at the Bristol Registry of Deeds, <u>Book</u> 4699, <u>Page</u> 94; and

      j.    the real property located 84 Whitman Street, New Bedford, Massachusetts having a deed recorded at the Bristol Registry of Deeds, Book 7596 Page 99,

(collectively, the "Assets"); and

WHEREAS, the Defendant admitted that the Assets constitute or are derived from proceeds traceable to her violations of 18 U.S.C. § 513(a), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement and her guilty plea, that the government has established the requisite nexus between the Assets and the offenses to which the Defendant has pled guilty. Accordingly, all of the Defendant's interest in the Assets are hereby forfeited to the United States for disposition pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Secret Service is hereby authorized to seize the Assets and maintain them in its secure

custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Secret Service shall publish at least once for three successive weeks in <u>Boston Herald</u>, notice of this Order and of the intent of the United States to dispose of the Assets in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Secret Service shall give, to the extent practicable, written notice to any person known to have alleged an interest in the Assets to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant asserting a legal interest in the Assets shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve upon the Unties States Attorney's Office, Asset Forfeiture United, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Assets, the time

and circumstances of the petitioner's acquisition of the right, title, or interest in the Assets, any additional facts supporting the petitioner's claim and the relief sought.

    6.   Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by as incorporated by 28 U.S.C. § 2461(c), for the filing of such petitions, the United States shall have clear title to the Assets.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Assets.

    7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order will become final as to the Defendant at the time of sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

                            /s/     Mark    L.    Wolf
                            MARK L. WOLF
                            Chief United States Chief Judge

Sept. 21, 2007