UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRACE M. OLIVER, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Cr. No. 07-10016-MLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    June 25, 2010

I. INTRODUCTION

Petitioner Grace Oliver pled guilty to possessing forged securities and was sentenced to 46 months in custody. She has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (the "§2255 Motion"). For the reasons described in this Memorandum, the §2255 Motion is being denied. Additionally, a related motion to remove a claim from the §2255 Motion is being allowed, and two motions for correction of pre-sentence jail credit are being denied.

II.  PROCEDURAL HISTORY

On August 6, 2007, Oliver pled guilty to five counts of possessing forged securities in violation of 18 U.S.C. §513(a). The charges arose out of allegations that Oliver exploited her position as officer manager at a drywall installation company by writing checks to herself and others from the company account without authorization. Oliver was sentenced to 46 months in

custody.  She filed a timely pro se notice of appeal.  However, her appeal was not prosecuted.  Rather, Oliver moved to withdraw it.

On August 12, 2008, Grace Oliver, proceeding pro se, filed an Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (the "§2255 Motion").[1]  Oliver asserted seven grounds for relief.  Ground four alleged that Oliver's counsel was ineffective because he did not provide an adequate defense, did not investigate the case, did not help Oliver make an informed decision, and denied Oliver the right to appeal.

On November 5, 2008, the government filed a Motion for Order Regarding Waiver of Attorney-Client Privilege, in which the government sought an order authorizing and directing Oliver's trial counsel to disclose to the government such matters as are reasonably necessary to respond to the petition.  Oliver opposed the motion.

On June 22, 2009, the court explained to Oliver that, "[w]hen a petitioner raises claims of ineffective assistance of counsel, such claims waive the right to attorney-client privilege."  June 22, 2009 Order at 1.  That implied waiver extends to communications with trial counsel that are relevant to the alleged ineffectiveness.  See Johnson v. Alabama, 256 F.3d 1156, 1178-79

---

[1]Oliver filed the original motion on May 15, 2008.  The government concedes that the amendment was proper, and the court is treating the amended motion as the operative pleading in this case.

(11th Cir. 2001).   As Oliver may have been unaware of this consequence of her ineffective assistance claim, the court granted Oliver the opportunity to remove the ineffective assistance claim from her petition and thus preserve the privilege.   See <u>Bittaker v. Woodford</u>, 331 F.3d 715, 720 (9th Cir. 2003)("The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials <u>if</u> it wishes to go forward with its claims implicating them.   The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.").

On July 20, 2009, Oliver filed a Motion to Remove Ineffective Assistance of Counsel Claim ("Motion to Remove Claim"), in which she "requests this Honorable Court to remove the ineffective assistance of counsel claim listed on" the §2255 Motion.   Mot. to Remove Claim at 1.   In support of this request, Oliver stated that she "believes it is crucial to preserve her privacy and trust as they are vital to her case; therefore she can not waive her right to client-attorney confidentiality." <u>Id.</u>   The court construes the Motion to Remove Claim as a request to remove ground four from the §2255 Motion.[2]

---

[2]Oliver also mentions ineffectiveness of counsel in paragraph 13 of the §2255 Motion, in which she explains that she did not previously present any of the grounds "because my

On August 28, 2009, the government filed an Opposition to §2255 Motion to Vacate, Set Aside or Correct Sentence ("Opposition to §2255 Motion").  The government argued that, because Oliver failed to pursue a direct appeal, all of the claims in the §2255 Motion are procedurally defaulted unless Oliver can demonstrate cause for her failure to appeal and prejudice flowing from that failure.  Opp. to §2255 Motion at 4.  The government noted that "[t]he only in thing in Oliver's motion that remotely resembles a suggestion of 'cause' is her bare assertion that her counsel was ineffective," which was withdrawn.  Id. at 5.

This argument put Oliver on notice of the likely consequence of her decision to withdraw her claim of ineffective assistance. At that time, the court had not yet (and, indeed, has not yet) ruled on her Motion to Remove Claim.  However, Oliver has not requested to withdraw her Motion to Remove Claim.  Instead, on September 23, 2009, Oliver filed a reply to the Opposition to the §2255 Motion.  In that reply, Oliver discusses the merits of her claims but offers no further explanation for her failure to pursue a direct appeal.

In addition to the motions discussed above, Oliver has filed two motions to correct pre-sentence jail credit under Federal Rule of Criminal Procedure 35(a), one on August 12, 2008, and the other

---

ineffective counsel did not want me to appeal."  The court construes this as a reference to ground four.

on December 21, 2009.

III. ANALYSIS

    A. <u>Motion to Remove Claim</u>

    As previously discussed, Oliver has elected to preserve her privilege at the expense of her claim of ineffective assistance of counsel.  Therefore, the Motion to Remove Claim is being allowed. <u>See</u> <u>Bittaker</u>, 331 F.3d at 720.

    B. <u>§2255 Motion</u>

        1. <u>Legal Standard</u>

        a. <u>Denial Without an Evidentiary Hearing</u>

    The First Circuit elaborated the test for granting an evidentiary hearing in a §2255 proceeding in <u>United States v. McGill</u>, 11 F.3d 223 (1st Cir. 1993).  As the First Circuit wrote:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing.  <u>See</u> <u>Mack v. United States</u>, 635 F.2d 20, 26-27 (1st Cir. 1980); <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. [1978]), <u>cert. denied</u>, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978).  In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.

> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." <u>Moran v. Hogan</u>, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as

> true because they state conclusions instead of facts,
> contradict the record, or are 'inherently incredible.'"
> <u>Shraiar v. United States</u>, 736 F.2d 817, 818 (1st Cir.
> 1984) (citations omitted).

<u>Id.</u> at 225-26 (some citations omitted); <u>see also</u> <u>United States v.</u>
<u>Panitz</u>, 907 F.2d 1267 (1st Cir. 1990).

"Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." <u>McGill</u>, 11 F.3d at 225.

b.   <u>Procedural Default</u>

The First Circuit stated in <u>Owens v. United States</u>, 483 F.3d 48 (1st Cir. 2007), that:

> A significant bar on habeas corpus relief is imposed when
> a prisoner did not raise claims at trial or on direct
> review.  In such cases, a court may hear those claims for
> the first time on habeas corpus review only if the
> petitioner has "cause" for having procedurally defaulted
> his claims, and if the petitioner suffered "actual
> prejudice" from the errors of which he complains.

<u>Owens</u>, 483 F.3d at 56 (citations omitted); <u>see</u> <u>Oakes</u>, 400 F.3d at 95 ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."); <u>Berthoff v. United</u> <u>States</u>, 308 F.3d 124, 127-28 (1st Cir. 2002); <u>Knight v. United</u> <u>States</u>, 37 F.3d 769, 774 (1st Cir. 1994)("Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for

the failure and actual prejudice.");  Goldman v. Winn, 565 F. Supp. 2d 200, 213-14 (D. Mass. 2008).[3]

To establish cause, a petitioner must show "that some external impediment, such as government interference or the reasonable unavailability of the factual or legal basis for the claim, prevented it from being raised earlier."  Andiarena v. United States, 967 F.2d 715, 718 (1st Cir. 1992).  Prejudice occurs when an error has a "substantial and injurious effect or influence."  Sustache-Rivera v. United States, 221 F.3d 8, 18 (1st Cir. 2000).

2.  Analysis

Oliver asserts seven grounds for relief in the §2255 Motion. In ground one, she alleges that her confession was coerced because Dottie Sutter, wife of the Bristol County District Attorney ("D.A. Sutter"), directed her to confess to police.  In ground two, she alleges her right against self incrimination was violated because she was interrogated by police without an attorney present and was told that "nothing would happen."  In ground three, she alleges that the government failed to disclose evidence favorable to her, specifically that "[a]ll information pertaining to the rape

---

[3]The exception for claims of actual innocence supported by new evidence, see House v. Bell, 547 U.S. 518, 536-37 (2006); Owens, 483 F.3d at 56 n.6, has not been raised and is not applicable to this case.  Additionally, Oliver has not argued that her claims could not have been presented on appeal without further factual development in the district court.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(citing Waley v. Johnston, 316 U.S. 101, 104 (1942)).

situation that had been going on for three years and the
involvement of some local officials was never brought up by [her]
attorney nor was any documentation on the matter made known to
him." As previously discussed, ground four has been withdrawn.  In
ground five, she alleges her diminished capacity prevented her from
making an informed and knowing guilty plea.  In ground six, she
alleges that the government took advantage of her mental health
problems by coercing her into signing a plea agreement.  In ground
seven, she alleges that her sentence was unconstitutional because
the court did not take into account her mental health problems as
a mitigating factor.

Because none of these claims were raised in the underlying
criminal case or on direct appeal, they are procedurally defaulted
unless Oliver can demonstrate cause and prejudice.[4] See Owens, 483
F.3d at 56; Oakes, 400 F.3d at 95.  Taken as true, none of the
facts alleged constitutes cause for failure to raise these claims
at the appropriate time, because she has not shown that any
external impediment, such as government interference or the
reasonable unavailability of the factual or legal basis for the
claim, prevented them from being raised earlier.  See Andiarena,
967 F.2d at 718.  In the §2255 Motion, Oliver's only explanation
for failing to raise these grounds on direct appeal was that her

---

[4]As noted earlier, Oliver does not assert that she is
actually innocent and has not raised any other possible
exceptions to rule of procedural default.

counsel was ineffective, an allegation that, as explained earlier, has since been withdrawn.  Oliver did not provide any adequate additional explanation in subsequent filings.

Ground five (diminished capacity precluded informed and knowing guilty plea) is foreclosed by Oliver's failure to raise it on direct appeal.  "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998).  Accordingly, because Oliver did not raise this issue on direct appeal, and because Oliver has alleged no facts that would constitute cause for such a failure, this claim is procedurally defaulted and cannot justify relief.  See id. at 622; Oakes, 400 F.3d at 95; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998)(holding claim that the petitioner was not competent to enter a guilty plea was procedurally barred where it was not raised on direct appeal and where there was no showing of cause and prejudice or actual innocence).

Ground seven (unconstitutional sentence based on failure to consider mitigating factor) is also foreclosed by Oliver's failure to raise it on direct appeal.  Oliver alleges no facts that would have prevented her from raising this purported sentencing error at that time.  Accordingly, this claim is procedurally defaulted and cannot justify relief.  See Owens, 483 F.3d at 56;

Ground one (coerced confession), ground two (confession in

violation of right against self incrimination), and ground six (coerced signing of plea agreement) relate to events at which Oliver was present and which occurred prior her guilty plea in the underlying criminal case. Because Oliver was, therefore, aware of the relevant facts, and because Oliver does not allege ineffective assistance of counsel, there is no cause for Oliver's failure to raise these claims in the underlying criminal case or on direct appeal. Accordingly, these grounds are also procedurally defaulted. See Bousley, 523 U.S. at 621; Owens, 483 F.3d at 56.

Construed liberally, ground three alleges that the government failed to disclose favorable information relating to "the rape situation that had been going on for three years and the involvement of some local officials." Although the §2255 Motion is not specific, it is evident from various filings in this case that "the rape situation" refers to Oliver's allegations that one of the principals of the drywall company raped her repeatedly over a period of several years. The court construes "the involvement of some local officials" to mean Dottie Sutter's alleged involvement in the embezzlement scheme, alleged manipulation of the defendant by Dottie Sutter and local police, and the alleged use of some of the embezzled funds as fraudulent campaign contributions to D.A. Sutter's campaign. However, ground three does not allege, and Oliver does not argue, that the failure to disclose this information to Oliver became known to Oliver only after the

proceedings in this court and direct appeal.[5]   Oliver has, therefore, failed to show cause, and ground three is procedurally defaulted as well.  See Oakes, 400 F.3d at 95.

Accordingly, because ground four was withdrawn, because all other grounds raised in the §2255 Motion are procedurally defaulted, and because Oliver has failed to show cause for the procedural default, the §2255 Motion is being denied without an evidentiary hearing.

> 3.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."  Determining whether a COA should issue where the petition was dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness

---

[5]At most, Oliver appears to argue that she realized after her guilty plea that the prosecutor withheld information from the court.  Reply to Opp. to §2255 Motion at 4-6.  Such action by the prosecutor would not be a Brady violation in any event, as Brady imposes an obligation to provide information to the accused, not to the court.  See United States v. Turner, 501 F.3d 59, 73 (1st Cir. 2007)("Under Brady, the government is required to turn over exculpatory or impeachment evidence in its possession to the defendant.").

of the procedural ruling is debatable, and (2) the constitutional claim is also colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002).   Therefore, a COA will not issue if either question is answered in the negative. See Slack, 529 U.S. at 485.

To meet both requirements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478.   An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).   However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting AEDPA "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The instant appeal can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40.   The court has found Oliver's claims to be procedurally defaulted because she did not raise them on direct appeal and has not shown cause and prejudice. The court does not find this conclusion to be reasonably debatable. Therefore, a COA is not being granted.

Because the court has denied a COA, Oliver may seek a COA from the court of appeals.  See §2255 Rule 11(a).

C.   Rule 35(a) Motions

The court ordered that Oliver's federal sentence be served consecutively to a state sentence she was already serving.  Oliver has since filed two motions requesting credit towards her federal sentence for time served in state custody pursuant to Federal Rules of Criminal Procedure 35(a) and 45(b)(1)(B) and 18 U.S.C. §3742. The first of these two motions was filed about ten months after Oliver's sentencing.

Even under the current version of Rule 35(a), which extends the time to file a motion to correct a sentence to 14 days after sentencing, the motions are untimely, because the first motion was filed well beyond the 14-day deadline.  The court may not extend that time under Rule 45.  See Fed. R. Crim. P. 45(b)(2).  18 U.S.C. §3742 provides for appeal of a sentence, but offers no mechanism by which this court could provide relief.  However, although it appears that the Bureau of Prisons is correctly calculating Oliver's sentence, Oliver is free to seek relief from any error in the calculation of her jail credit by filing a petition for habeas corpus pursuant to 28 U.S.C. §2241 after exhausting her administrative remedies to the extent required by law.  See Rogers v. United States, 180 F.3d 349, 357 & n.16 (1st Cir. 1999).

In her August 12, 2008 motion, Oliver also appears to argue

13

that her sentence violates the Double Jeopardy Clause because the court increased her criminal history category under the guidelines based on her state offense.  This argument is untimely under Rule 35 and, had it been brought in the §2255 Motion, would have been both without merit, see Witte v. United States, 515 U.S. 389, 399 (1995), and procedurally defaulted for the reasons discussed in Part III.B, supra.

For the foregoing reasons, Oliver's motions to correct pre-sentence jail credit are being denied.

IV.  ORDER

Accordingly, it is hereby ORDERED that:

1.  Oliver's Motion to Remove Ineffective Assistance of Counsel Claim (Docket No. 134) is ALLOWED.

2.  Oliver's Amended Motion Under 28 U.S.C. §2255 (Docket No. 101) is DENIED.

3.  Oliver's Motions for Correction of Pre-Sentence Jail Credit (Docket Nos. 102 & 141) are DENIED.

4.  Oliver's Motion to Proceed In Forma Pauperis (Docket No. 91) is MOOT.


                                    /s/ Mark L. Wolf
                             UNITED STATES DISTRICT JUDGE